UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

LEUNDRO CHILDS, and
EDILBERTO MOJICA

CASE NO. 8:24-cr-393-WFJ-NHA
21 U.S.C. § 846
(Drug Conspiracy)
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Drug Distribution Conspiracy)

Beginning on an unknown date, but not later than on or about January 16, 2024, and continuing through on or about July 18, 2024, in the Middle District of Florida and elsewhere, the defendants,

LEUNDRO CHILDS, and
EDILBERTO MOJICA,

did knowingly and willfully conspire with each other and with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance. The violation involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

APR 9 2025 AM9:18
FILED - USDC - FLMD - TPA

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substance)

On or about July 17, 2024, in the Middle District of Florida, the defendant,

### LEUNDRO CHILDS,

did knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved approximately 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## COUNT THREE
### (Possession with Intent to Distribute Controlled Substance)

On or about July 18, 2024, in the Middle District of Florida, the defendant,

### LEUNDRO CHILDS,

did knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved approximately 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## FORFEITURE

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.  Upon conviction of a violation of 21 U.S.C. §§ 841(a)(1) and/or 846, the defendants,

>   LEUNDRO CHILDS, and
>   EDILBERTO MOJICA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.  If any of the property described above, as a result of any acts or omissions of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property, which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

██████████████████

Foreperson

GREGORY W. KEHOE
United States Attorney

By: *Candace RP*

Candace Garcia Rich
Assistant United States Attorney

By: *[signature]*

James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and
Racketeering Section

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

LEUNDRO CHILDS, and
EDILBERTO MOJICA

SUPERSEDING INDICTMENT

Violations: 21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

A true bill,

███████████

Foreperson

Filed in open court this <u>8th</u> day

of April 2025.

_____
Clerk

Bail $_____